(65 South. 485)

No. 19970.

CLENEAY et al. v. DOUGHERTY.

(May 25, 1914.)

*(Syllabus by the Court.)*

1. CONTRACTS (§ 164*) — CONSTRUCTION OF CONTRACT.

Where a receipt closes with the words "as per agreement," and there was only one antecedent agreement between the parties relating to the same subject-matter, both writings will be construed together. The liability of one person for the debt of another should be shown beyond all reasonable doubt.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 746–748; Dec. Dig. § 164.*]

*(Additional Syllabus by Editorial Staff.)*

2. TRUSTS (§ 189*)—LIABILITY OF TRUSTEE—CONSTRUCTION OF CONTRACT.

Where a contract provided for the issuing of certain bonds on the filing of cash deeds to the property, and this was done, and the bonds were issued, and plaintiff received its proportion of the proceeds for such bonds as were sold, the trustee was not responsible for failure to sell the remainder of the bonds; he acting only as trustee in the premises.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 240, 241, 244; Dec. Dig. § 189.*]

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge; H. F. Brunot, Judge.

Action by Mrs. S. E. Cleneay and others against N. S. Dougherty. From a judgment for defendant, plaintiffs appeal. Affirmed.

T. Jones Cross, of Baton Rouge, for appellants. Taylor & Porter, of Baton Rouge, and R. C. & S. Reid, of Amite, for appellee.

LAND, J. One Simon J. McKenzie, a promoter, without means, conceived the scheme of purchasing about 20,000 acres of timber lands, ostensibly for cash, and of paying the price out of the proceeds of the sale of $200,-000 of bonds secured by first mortgage on the same property. The titles were to be taken in the name of the said Simon J. McKenzie, and by him to be transferred to a lumber company to be organized under the

name of the S. J. McKenzie Lumber Company. The landowners, however, were not willing to trust the said McKenzie with cash deeds to their respective properties, and to look to him for payment of the price out of the proceeds of the sales of mortgage bonds to be thereafter issued.

The scheme also involved the cancellation of certain mortgages on some of the lands, and the mortgagees were not willing to cancel the incumbrances, and to look to McKenzie for payment of the amounts due them out of the proceeds of the sale of mortgage bonds.

Finally, by written agreement, of date January 25, 1912, between all the parties in interest, it was stipulated that the entire issue of bonds should be delivered and turned over to Nolan S. Dougherty, a prominent banker and business man of the city of Baton Rouge, in trust for the parties to the contract; that the said McKenzie and his company, through a certain trust company, should sell said bonds at not less than par and accrued interest not later than April 1, 1912; and that said bonds before being sold and the proceeds to be derived from their sale when sold should be at all times under the control of "said Nolan S. Dougherty, trustee," who obligated himself to hold the bonds and the proceeds derived from their sale in trust for the parties to the contract, until a sufficient number had been sold to pay the owners the purchase price of the lands transferred, the mortgagees the amount due on their mortgages, the trustee a certain compensation for his services, and sums due by the several owners for abstracts and surveys, the balance of the proceeds of said bonds and all unsold bonds to be turned over to the McKenzie Lumber Company.

The agreement expressly stated that Dougherty did not bind himself personally to pay the owners and mortgagees, except from the proceeds of sale of the bonds, and that his obligations under the contract were merely as custodian of the bonds and their proceeds, and for the payment of the same to the owners, mortgagors, himself, and the McKenzie Lumber Company, pursuant to said agreement. The plaintiffs in the present suit were parties to said contract.

It appears that the cash deeds to the lands were delivered to Dougherty, and that he held them until the mortgage bonds were issued and delivered to him.

The bonds were not sold by April 1, 1912, and by common consent the time was extended to May 30, 1912. During this extension bonds to the amount of $41,000 were sold, and the proceeds were distributed among the former landowners in different proportions; the plaintiffs, on June 3, 1912, receiving $2,995 on account of sales of land under the agreement of January 25, 1912, as shown by their receipt.

In November, 1912, plaintiff instituted the present suit to recover of the said Dougherty the sum of $3,070, representing the balance of the price due them on their land sales to said McKenzie. Dougherty died, and his widow and heirs have been substituted as defendants.

[1] Plaintiff's action is bottomed on the following writing:

"Denham Springs, La., April 1, 1912.
"Received from M. M. Cleneay titles to fourteen hundred acres of land, more or less, of the Cleneay heirs transferred to S. J. McKenzie, and I hereby obligate myself to be personally responsible for said deed, and to either return the deed or the purchase price of the land by 30th May, 1912, as per agreement."

In the construction of this instrument, the last three words cannot be disregarded, but must be considered in connection with the context. So considered, it is obvious that the phrase "as per agreement" qualifies the obligation to return the deed or the purchase price, and refers to the contract of January 25, 1912, which was the only other agreement between the parties to the receipt.

Under the formal contract of January 25, 1912, the only obligation of Dougherty, as to the payment of the price due the plaintiffs by McKenzie, was to pay the same in whole or in part out of the proceeds of the sale of the bonds.

On June 3, 1912, Dougherty, as trustee, made the plaintiffs a partial payment out of the proceeds ·of the sale of bonds, as above stated. The plaintiffs accepted the money ·as due them under the contract of January 25, 1912, and extended the time for paying the balance for 90 days, upon condition of the payment of interest at the rate of 8 per cent. by McKenzie and his company and Nolan S. Dougherty, trustee (not individually).

We find that Milton M. Cleneay, who wrote the receipt of April 1, 1912, and who was interested to the extent of 200 acres in the property therein referred to, borrowed of Dougherty's bank $400, on a pledge of all funds held or to be held by Dougherty, trustee, for his account. If M. M. Cleneay and the plaintiffs had considered Dougherty bound individually, they doubtless would have demanded payment of him, instead of asserting their claims against McKenzie and his company under the contract of January 25, 1912. It is most improbable that Dougherty, who had, in black and white, refused to bind himself personally to the owners and mortgagees of the lands, in signing the receipt, intended to bind himself individually. Dougherty, as trustee, was receiving and holding the cash deeds as security for the performance of the contract on the part of McKenzie and his company, and the reasonable explanation of the receipt is that it was given to show the delivery of plaintiff's deeds to Dougherty, as trustee, under the terms of the contract of January 25, 1912. The phrase "as per agreement" excludes the idea that the receipt represents an independent transaction between the parties, and points to the prior contract as explanatory of their intention.

[2] Plaintiff sues on the receipt as evidencing a personal liability of Dougherty, and argues that, as the defendant cannot return the deeds, he must pay the money.

The contract necessarily contemplated that the cash deeds would be filed and recorded before the bonds were issued, and, this having been done, their return to the plaintiffs became impossible. Two hundred thousand dollars in bonds were actually issued as contemplated by the contract, and plaintiff received their proportion of the proceeds of such bonds as have been sold. Dougherty, trustee, was not responsible for the failure to sell the remainder of the bonds, or for the sale of bonds below par, or for the provision in the act of mortgage for the issue of additional bonds in the future. As the lumber company is now in the hands of a receiver, no more bonds will be issued; and it is to be hoped that the 20,000 acres of land will sell for enough to pay the plaintiffs and other creditors.

Mr. Dougherty throughout these transactions acted only as trustee or custodian, and there is no sufficient evidence in the record to prove that he bound himself *personally* to pay the sum claimed in plaintiffs' petition.

"It behooves the party who seeks to render one person liable for the debt of another to show such liability beyond all doubt." Hazard v. Lambeth, 3 Rob. 378.

Judgment affirmed.